JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELEN CABACCANG and ISIDRO CABACCANG,<br><br>         Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES ("CIS"); EVELYN M. UPCHURCH, Director of CIS' TEXAS SERVICE CENTER; EDUARDO AGUIRRE, JR., DIRECTOR OF CIS; MICHAEL CHERTOFF, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ALBERTO R. GONZALES, ATTORNEY GENERAL OF THE UNITED STATES,<br><br>         Defendants. | Case No. CV 07-00574 DDP (Ex)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Defendant's Motion filed on January 18, 2008]<br><br>[Joinder of Defendants Jane Arellano and Eduardo Aguirre in Defendants' Motion for Summary Judgment filed on February 12, 2008]<br><br>[Plaintiffs' Cross-Motion filed on March 7, 2008] |

   This matter comes before the Court on Defendants' Motion for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment. After reviewing the papers submitted by the parties and considering the arguments therein, the Court is able to rule without oral argument.  The Court grants Defendant's motion and denies Plaintiffs' cross-motion.

**I. BACKGROUND**

Plaintiffs are both registered nurses from the Phillipines. On July 17, 2004, Plaintiffs were admitted to the United States for a period until January 16, 2005. On January 12, 2005, Plaintiffs each filed I-495 applications for adjustment of status. On May 18, 2005, Plaintiff Isidro Cabaccang's visa petition was granted. On October 14, 2005, however, Plaintiffs' I-495 applications were denied by the United States Citizenship and Immigration Services ("USCIS"). In February 2006, Plaintiffs filed a second I-485 application to adjust status. On October 31, 2006, that application was also denied. On December 6, 2006, Plaintiffs filed a motion to reconsider, which USCIS denied.

On January 24, 2007, Plaintiffs filed this lawsuit against USCIS and other defendants. In rejecting Plaintiffs' I-495 applications, USCIS found that Plaintiffs were ineligible for adjustment of status because they maintained unlawful status in the United States for a period exceeding 180 days. To be eligible for adjustment of status, 8 U.S.C. § 1255(c)(2) and (c)(7) require applicants to maintain a continuously lawful status in the United States. Notwithstanding this provision, certain employment-based applicants may qualify for adjustment of status under 8 U.S.C. § 1255(k) and 8 C.F.R. § 245(k), so long as the alien has not exceeded 180 days of unlawful status. In this action, Plaintiffs and Defendants dispute at what point in time the 180-day period on "unlawful status" begins to run.[1]

---

[1] Plaintiffs assert that unlawful status began once their applications for adjustment of status were denied, while Defendants argue that their unlawful status began as soon as their initial
(continued...)

2

Plaintiffs request several forms of relief.  Plaintiffs seek an order that USCIS reopen their I-495 applications for adjustment of status and grant them employment authorizations.  Furthermore, Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that they are eligible for adjustment of status under 8 U.S.C. § 1255(k).  Specifically, Plaintiffs argue that Defendants unlawfully denied Plaintiffs' applications by applying an interpretation of 8 U.S.C. § 1255(k) that is inconsistent with the text of the statute.

In June 2007, Plaintiffs filed an Ex Parte Application for a Temporary Restraining Order Requiring Defendants to Reopen Plaintiffs' Applications for Adjustment of Status and Issue Plaintiffs' Employment Authorization Documents by June 29, 2007. On June 29, 2007, the Court granted Plaintiffs' request for a temporary restraining order, and required that Defendants reopen Plaintiffs' applications and issue them employment authorization documents.

Defendants bring this motion for summary judgment on ripeness grounds.  Because Plaintiffs' applications were reopened and are now pending before the agency, Defendants argue that Plaintiffs' claims are not ripe for adjudication on the merits.  Plaintiffs oppose Defendants' motion, and file a cross-motion for summary judgment arguing that their claims are ripe.  Plaintiffs further

---

[1](...continued)
admission to the U.S. as B-2 non-immigrant visitors ended. Under Plaintiffs' interpretation, they accrued only 119 days of unlawful status.  Under Defendants' interpretation, which appears to be the basis for denial of the I-495 applications, Plaintiffs accrued more than the 180 days of "unlawful status" allowed under 8 U.S.C. § 1255(k).

seek a determination of the proper interpretation of 8 U.S.C. § 1255(k) for USCIS to apply in adjudication of their I-495 applications.

## II. DISCUSSION

### A. Legal Standard

8 U.S.C. 1255(a) provides that the Attorney General may adjust the status of an alien to lawful permanent resident. There is no direct appeal within USCIS when an alien's application for adjustment of status is denied. However, the Ninth Circuit has held that district courts have jurisdiction to review denials of adjustment of status. See, e.g., Chan v. Reno, 113 F.3d 1068, 1071 (9th Cir. 1997).

To exercise judicial review, a court must have before it a ripe case or controversy. Abbott Laboratories v. Gardner, 387 U.S. 136, 148-149 (1967). Ripeness is determined by considering two factors: whether the issues are fit for judicial decision and the hardship to the parties of withholding consideration. Acura of Bellevue v. Reich, 90 F.3d 1403, 1408 (9th Cir. 1996). In the context of agency actions, fitness for judicial review "depends on whether the agency action represents the final administrative work." Id. Additionally, "finality must be interpreted in a pragmatic and flexible manner to ensure that judicial review does not interfere with the agency's decision-making process." Id.

### B. Analysis

The Court finds that Plaintiffs' claims are not ripe for judicial review. By granting Plaintiffs' request for a temporary restraining order, the Court required Defendants to reopen

4

Plaintiffs' adjustment of status applications and to grant employment authorizations.  Implicitly, the TRO's reopening of the adjustment acknowledges that Defendants' previous denials and refusal to reopen those applications is not the "final administrative work" in this case.  See Reich, 90 F.3d at 1408.

Defendants are required to make a decision on Plaintiffs' reopened applications to adjust status.[2]  Notwithstanding the suggestion that Defendants are unlikely to change position, the ripeness inquiry recognizes that "judicial review in the middle of the agency review process unjustifiably interferes with the agency's right to consider and possibly change its position during its administrative proceedings."  See Reich, 90 F.3d at 1409.  Therefore, at this time, the Court does not consider the issues in this case fit for judicial decision.

Nor does Plaintiffs' hardship warrant immediate judicial review.  Plaintiffs' applications have been reopened and employment authorizations have been granted.  This allows USCIS to reconsider its previous decision on Plaintiffs' applications, and enables

---

[2] This Court has joined the majority of district courts in the Ninth Circuit holding that Defendants have a non-discretionary duty to adjudicate status applications within a reasonable time.  Yu v. Chertoff, CV 07-03594 DDP (PJWx) (C.D. Cal. October 18, 2007); Abboud v. USCIS, CV 06-07323 DDP (AJWx) (C.D. Cal. July 23, 2007), Yu v. Dep't of Homeland Security, CV 07-00640 DDP (RCX) (C.D. Cal. May 16, 2007); Sen v. Dep't of Homeland Security, CV 07-00944 DDP (Ex) (April, 4 2007); see also Haang v. Chertoff, 2007 WL 1831105 (N.D. Cal., June 25, 2007; Yu v. Chertoff, 2007 WL 1742850 (N.D. Cal., June 14, 2007); Quan v. Chertoff, 2007 WL 1655601 (N.D. Cal., June 76, 2007); Haiming Tang v. Chertoff, 2007 WL 1655188 (W.D. Wash., June 5, 2007); Fu v. Gonzales, 2007 WL 1742376 (N.D. Cal., May 22, 2007); Kaddoura v. Gonzales, 2007 WL 1521218 (W.D. Wash., May 21, 2007); Baker v. Still, 2007 WL 1292750 (N.D. Cal. May 9, 2007); Huang v. Gonzales, 2007 WL 1302555 (W.D. Wash. May 2, 2007); Wu v. Chertoff, 2007 WL 1223858 (N.D. Cal. Apr. 25, 2007); Gelfer v. Chertoff; 2007 WL 902382 (N.D. Cal. March 22, 2007).

1  Plaintiffs to continue working in the United States.  During the
2  pendency of Defendants' administrative proceedings, the Court
3  recognizes that uncertainty surrounding Plaintiffs' status, as well
4  as other costs, will cause some hardship.  The Court further
5  recognizes that Defendants may reach the same decision, thereby
6  requiring a later adjudication on the merits of Plaintiffs' claims.
7  However, at this time, the Court does not find these considerations
8  to render Plaintiffs' claims ripe for review.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment and DENIES Plaintiffs' cross-motion for summary judgment.  Accordingly, this case is dismissed without prejudice.

IT IS SO ORDERED.

Dated: March 28, 2008

_____
DEAN D. PREGERSON
United States District Judge